IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-016-D |
| VS. | § | |
| | § | |
| OSBALDO JESUS AYALA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Osbaldo Jesus Ayala ("Ayala") moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release.  For the reasons that follow, the court denies the motion.

I

Ayala pleaded guilty, without a plea agreement, to the following offenses: distribution and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (count 1); possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (count 2); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count 3).  On September 5, 2017 the court sentenced him to a total of 188 months' imprisonment on all three counts, to run concurrently with one another, followed by 5 years of supervised release on counts 1 and 2, and 3 years of supervised release on count 3.  On September 24, 2021 Ayala filed the instant motion for

a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release.[1]

## II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

## III

The court first considers whether "extraordinary and compelling" reasons warrant a sentence reduction. *See* § 3582(c)(1)(A).

---

[1]The government responded to Ayala's motion on October 14, 2021 and amended its response on November 2, 2021. The court permitted Ayala to file a reply, which he did on November 18, 2021.

[2]Ayala states that he submitted his request for compassionate release to the Warden of his institution on August 9, 2021 and that his request was denied on August 16, 2021. He attaches evidence that appears to substantiate this assertion. The court will assume *arguendo* that Ayala has properly exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

A

Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that merit compassionate release. *See id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it "to promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (brackets, internal quotation marks, and citation omitted). Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that describes, in the comments, four "extraordinary and compelling reasons" that could warrant a reduced sentence, including the following "Family Circumstances": "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children[, or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(C). The Fifth Circuit has since held that § 1B1.13 only applies to motions filed by the Director of the BOP and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392-93. To be clear, the court does *not* consider itself to be bound by § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner. But although not binding, § 1B1.13 and its commentary nonetheless "inform[] [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States*

- 3 -

*v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 Fed. Appx. 556, 558 (5th Cir. 2020) (per curiam) (stating that the court is "guided in [its] analysis by the commentary" to § 1B1.13).  "While not binding, this commentary is informative as to when family circumstances may rise to the level of extraordinary and compelling." *United States v. Minafee*, 2021 WL 1865208, at *3 (N.D. Tex. May 10, 2021) (Boyle, J.).  "Indeed, family circumstances may warrant a sentence reduction where a prisoner's release is absolutely necessary to protect the well-being of an incapacitated family member." *Id.*

## B

Ayala requests compassionate release based on his mother's "fully disabled" condition.  In support of his motion,[3] he contends that his mother has various medical problems, including chronic obstructive pulmonary disease, a history of extensive back surgery and two hip replacements, and rheumatoid arthritis; that she is fully disabled and needs someone to care for her; that although Ayala has a brother, he lives 40 minutes away from their mother; that "[w]hile [his mother] is able to do some[]things on her own[,] it cost[s] her time and effort[,] [a]nd she is always in danger of being hurt," Reply 3; and that his "situation (family circumstance)" demonstrates "extraordinary and compelling reasons" justifying his release, *id*. at 1.

The court is not persuaded that Ayala's "family circumstances" demonstrate extraordinary and compelling reasons that are sufficient to justify his release or that his

---

[3]Ayala's request for compassionate release is presented to the court through a standard form motion that a prisoner completes by answering prepared questions that the form poses.

brother cannot provide the necessary care for their mother.  Nevertheless, in light of the court's decision below that, considering the § 3553(a) factors, Ayala should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction.  *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now analyzes the § 3553(a) factors.  As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").  Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's]

- 5 -

sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together. Ayala is currently serving a 188-month sentence for trafficking a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. He is not eligible for release from prison until May 22, 2032. If the court grants Ayala's motion, it will be ordering him released more than *10 years* before he would otherwise be eligible. Not only would Ayala's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Ayala neither argues nor provides any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Ayala's relevant offense conduct, including his multiple prior convictions,[4] and finds that he would pose a danger to the public

---

[4]At the time of sentencing, Ayala fell into criminal history category VI, the highest category.

if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Ayala's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\*   \*   \*

Accordingly, for the reasons explained, the court denies Ayala's September 24, 2021 motion for sentence reduction.

**SO ORDERED**.

January 6, 2022.


SIDNEY A. FITZWATER
SENIOR JUDGE