IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-016-D |
| VS. | § | |
| | § | |
| OSBALDO JESUS AYALA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Osbaldo Jesus Ayala ("Ayala") has filed an amended motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) based on changes in the law, the infirmity of his mother, and his rehabilitation efforts while in prison. For the reasons that follow, the court denies the motion.

I

Ayala pleaded guilty, without a plea agreement, to the following offenses: distribution and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (count 1); possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (count 2); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count 3). On September 5, 2017 the court sentenced him to a total of 188 months' imprisonment on all three counts, to run concurrently with one another, followed by 5 years of supervised release on counts 1 and 2, and 3 years

of supervised release on count 3.

On September 24, 2021 Ayala moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), based on the health of his mother. The court denied Ayala's motion on January 6, 2022. Ayala then filed a motion to reduce sentence under Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). The court denied that motion on January 29, 2024.

In an "amended" motion, Ayala now moves a second time for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[1]

## II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court

---

[1]The government responded to Ayala's motion on October 30, 2024, and Ayala filed his reply on November 19, 2024.

[2]Ayala attaches as an exhibit to his motion what appears to be an October 19, 2023 denial of his request for a reduction in sentence addressed "Mr. B. Hudson, Warden." Because doing so does not change the outcome in the decision on Ayala's motion, and

must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Ayala moves for an order reducing his current sentence to a sentence of 120-130 months' imprisonment. He contends that extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13(b)(6) because, if he were sentenced today, with the benefit of the court's decision in *United States v. Robinson*, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022), he would have a guidelines range of 130-162 months' imprisonment, as opposed to 188-235 months' imprisonment, which amounts to a "'gross disparity' of about 5 years," and "[t]hat disparity, combined with defendant's rehabilitation, and his mother's infirm condition" results in "an aggregate extraordinary and compelling reason to reduce defendant's sentence to the mandatory minimum of 120 months imprisonment, or the low end of the Guidelines range." D. Mot. (ECF No. 57) at 2.

---

because the government acknowledges that Ayala has properly exhausted his administrative remedies, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

U.S.S.G. § 1B1.13(b)(6) provides:

> [i]f a defendant received an unusually long sentence *and has served at least 10 years of the term of imprisonment*, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* (emphasis added).  Even assuming *arguendo* that the Mississippi district court's non-binding decision in *Robinson* constitutes a change in the law, Ayala has not shown extraordinary and compelling circumstances under § 1B1.13(b)(6).  As the government points out in response, Ayala has not served 10 years of imprisonment: the mandatory minimum terms of imprisonment for counts 1 and 2.  And he has not persuaded the court that his mother's "infirm condition," his own rehabilitation efforts, or the combination of these factors constitutes extraordinary and compelling circumstances.

Nevertheless, because the court concludes below that Ayala's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that he has shown an extraordinary and compelling reason.  *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the

interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors.  As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").  Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence."  *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

"When a district court denies a motion for compassionate release, it must give "'specific factual reasons" for its decision.'"  *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).  In this case, Ayala is currently serving a 188-month sentence for conspiring to distribute large amounts of methamphetamine, a drug that is extremely deleterious to users and the community at large.  At the time of sentencing, he fell into criminal history category VI, the

highest category, based on multiple prior adult convictions, including, *inter alia*, for sexual assault of a child and multiple theft and fraud offenses. He committed the instant offense while on parole. He is not eligible for release from prison until May 23, 2031. If the court grants his motion, it will be ordering him released more than *6 years* before he would otherwise be eligible. Not only would Ayala's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Ayala contends that he "has completed the most powerful evidence-based recidivism reduction programs available to him" and that the "tools [he] has developed as a result will show he is not a danger to the community." D. Mot. (ECF No. 57) at 2. But he has failed to provide sufficient evidence to support his contention that he would not be a danger to the safety of any other person or the community if released. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Ayala's relevant offense conduct and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on

defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Ayala's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, Ayala's October 1, 2024 "amended" motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

December 20, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE